IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**,

        Plaintiff,

vs.

**BRIAN GARBE**,

        Defendant.

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S SECOND MOTION FOR ADDITIONAL DISCOVERY**

Case No. 19-CR-53

---

On September 18, 2019, the defendant filed a Second Motion for Additional Discovery seeking permission for his expert to examine Website M to determine if the scripts alleged to contain child pornography actually did contain the information described in the warrant; to determine the percentage of child pornography versus non-child pornography on Website M; and to verify Website M served purposes other than viewing child pornography. The Government responded stating that what is currently on Website M is irrelevant. The Government claims websites are fluid and their contents and procedures for access change all the time. Thus, according to the Government, viewing Website M today would not be useful because it does not reflect what was on Website M at the time the warrant was filed or when the defendant viewed it. This argument is not supported by any documentation. Thus, the Court should grant defendant's discovery request.

Rule 16 of the Federal Rules of Criminal Procedure sets forth the grounds upon which a defendant can demand discovery from the Government. The rule provides that the Government must produce, upon request, documents and data if they are material to preparing the defense. *See*

Fed. R. Crim. P. 16(a)(1)(E)(I). The defense set out why Website M is discoverable under Rule 16 in its initial brief. *See* Def.'s Disc. Mem. 2-5. Importantly, the Government did not argue that the defense has no right to discovery under Rule 16. Nor did the Government argue that Website M did not contain material information. As a result, the Government concedes those points. Rather, the Government's only argument against the defendant receiving discovery of Website M is that the website has changed and is no longer relevant.

The Government used their knowledge of Website M and its contents throughout their affidavit to support the search warrant of the defendant in this case. At one point the agent states that numerous times between September 8, 2015 and March 2, 2018 the defendant visited the site in order to access child pornography. (Search Warrant application ¶ 25). If, as the Government now argues, Website M was constantly changing, it is impossible for the Government to determine what defendant was viewing over those time periods and his purpose for going to the site unless it also includes proof that it was looking at the site at the exact same time and day. Surely the agents do not have that information. By using the defendant's visits to Website M to infer that he was looking at child pornography, the Government has conceded that the site still contained the same types of material the agents first observed in 2012. In other words, the Government's own submissions to this Court negates its current argument.

Even if the Court accepts the Government's argument that websites can change, it does not mean that viewing Website M as it is today is not relevant to what it contained a year ago or even ten years ago. Websites, like most other forms of media, are created to serve a particular audience. ESPN has sports content on its site; CNN has news and political content on its site; and the weather channel has weather information on its site. While the articles or images may change

from day to day or week to week, the overall purpose of the site and the content which the site posts remains the same throughout the life of the site. Furthermore, the articles and images that are posted to a website are typically archived and can still be accessed via the site. The same is true of Website M. If Website M's primary purpose was hosting child pornography, as the Government alleges, then it is absurd to argue the purpose and the content of the site would suddenly change. Even if new content has been uploaded to the site, there is no evidence that the content previously posted on the site has been deleted. It should still be possible to view the same materials the Government and defendant viewed years ago. If the Government's argument is accepted as reasonable, it would be impossible for the Government to ever obtain a search warrant based on someone accessing a site that contained child pornography.

The Government may claim this case is different because the defendant allegedly purchased three files the Government viewed and knew contained child pornography. However, even that argument would be suspect unless the Government and the defendant viewed the file at the exact same time because otherwise the file's contents could have changed. The Government tracked the site over a period of about six years, and in that time it never hinted the website changed drastically. There is no reason to expect it has changed substantially now. As a result, Website M and its contents are relevant.

WHEREFORE, the defendant respectfully requests the Court to order that the defense forensic expert be allowed to view Website M in the presence of the Homeland Security agent at the Homeland Security office so he can verify whether the statements in the Affidavit are true and correct.

Dated this 8th day of October, 2019.

EISENBERG LAW OFFICES, S.C.

/s/ Mark A. Eisenberg
Mark A. Eisenberg
State Bar Number: 01013078
308 E. Washington Avenue
P. O. Box 1069
Madison, WI 53701-1069
Telephone: (608) 256-8356
Fax: (608) 256-2875
E-mail: mark@eisenberglaw.org
Attorneys for Defendant, Brian Garbe

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Elizabeth Altman, Assistant United States Attorney

/s/ Mark A. Eisenberg
Mark A. Eisenberg