# United States District Court

## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:19CR00053-001 |
| Brian J. Garbe | **Defendant's Attorney:** Mark A. Eisenberg |

Defendant, Brian J. Garbe, pleaded guilty to Count(s) 1 of the indictment.

Counts 2 and 3 of the indictment are dismissed on the motion of the United States.

Defendant has been advised of his right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2252(a)(2) & (b)(1) | Receipt of Child Pornography | February 27, 2016 | 1 |

Defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the court and United States Attorney of any material change in defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | 1974 | September 28, 2021 |
| **Defendant's USM No.:** | 11567-090 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | Janesville, WI 53546 | */s/ William Conley* |
| **Defendant's Mailing Address:** | Same as above | William M. Conley |
| | | District Judge |
| | | September 30, 2021 |
| | | Date Signed: |

# IMPRISONMENT

As to Count 1 of the indictment, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 60 months.  During his incarceration, I strongly recommend that the defendant receive both mental health and sexual offender treatment, and that he be afforded prerelease placement in a residential reentry center with similar treatment components and work release privileges.   I also recommend the defendant be placed at an appropriate facility as close to his family in Janesville, Wisconsin, as possible.

Because the defendant has complied with the conditions of his pretrial release.  He has demonstrated that he is not currently a risk of non-appearance.  Accordingly, execution of the sentence of imprisonment is stayed until October 28, 2021, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order.   The present release conditions are continued until he had self-reported.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case: 3:19-cr-00053-wmc   Document #: 65   Filed: 10/01/21   Page 3 of 7

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: BRIAN J. GARBE<br>CASE NUMBER: 0758 3:19CR00053-001 | Judgment - Page 3 |

## SUPERVISED RELEASE/PROBATION

The defendant's term of imprisonment shall be followed by a 10-year term of supervised release, subject to the statutory mandatory conditions of supervision. In light of the nature of the offense and the defendant's personal history, I adopt condition numbers 1 through 21 as proposed and justified in the presentence report, noting that neither party has raised any objections to those proposals.

While the defendant reports drinking alcohol regularly, the instant offense is not drug related and the defendant has no history of drug use. Therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is waived.

If, when defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

### Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

### Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

Case: 3:19-cr-00053-wmc   Document #: 65   Filed: 10/01/21   Page 4 of 7

| | DEFENDANT: | BRIAN J. GARBE | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:19CR00053-001 | Judgment - Page 4 |

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

14) Defendant must allow the supervising U.S. Probation Officer to notify defendant's employers, friends, family, community organizations, and educational and volunteer agencies, where minors reside or regularly spend time, of the risks associated with defendant's criminal history involving a sex offense against a minor.

15) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

16) Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination.

17) Not possess any visual or audio recording devices.

18) Not possess any depictions of sexually explicit conduct of minors as defined in 18 U.S.C. § 2256(8).

| | DEFENDANT: BRIAN J. GARBE | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: 0758 3:19CR00053-001 | Judgment - Page 5 |

19) Comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C §20913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.

20) As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations.   Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions.   If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.   Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.   Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider.

21) Not work in any occupation, business or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them.   I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____          _____
Defendant                                                           Date

_____          _____
U.S. Probation Officer                                       Date

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | TBD |
| 1 | $5,000.00 | | |
| **Total** | **$5,100.00** | **$0.00** | **TBD** |

It is adjudged that the defendant is to pay a $100.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. Defendant is encouraged to pay the assessment as agreed upon in the plea agreement to ensure he is not precluded from participating in programming for non-payment while in the federal prison system.

The Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 does not apply in this case because the defendant's charged conduct predates December 7, 2018, and that Act is not to be applied retroactively. However, the defendant retained counsel, and he has a reported net worth of roughly $127,000. Because he is not indigent and the Justice for Victims of Trafficking Act of 2015 applies, the court is required to impose a $5,000 assessment based on the defendant's conviction under 18 U.S.C. Chapters 77, 109A, 110, or 117. Accordingly, payment of $2,500 is due within 30 days of judgment. The remaining balance shall be paid down during the term of imprisonment, with a payment of $25 monthly during his term of incarceration. Any remaining balance upon release from imprisonment shall be paid during the defendant's term of supervised release at a monthly rate of $100, beginning 30 days upon release from the Bureau of Prisons.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release from custody, so I will impose no fine.

A final order of forfeiture was previously granted for the property seized from the defendant in accordance with 18 U.S.C. § 2253.

# RESTITUTION

At this time, four victims have requested restitution and supported their request with adequate supporting documentation. Because the parties have been unable to reach an agreement on this restitution amount, a restitution hearing pursuant to 18 U.S.C. § 3664(d)(5) will be held on December 3, 2021, at 2:00 p.m.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

    (1) assessment;
    (2) restitution;
    (3) fine principal;
    (4) cost of prosecution;
    (5) interest;
    (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.